IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| THOMAS KASPRZYK, STEVEN HUGHES, SHERRY SINGLETON, & ERIC WILSON, Individually and on behalf of other employees similarly situated | § § § § § § | CIVIL ACTION NO. |
| Plaintiffs | | |
| v. | § § | JURY TRIAL DEMANDED |
| HILTON GRAND VACATIONS COMPANY, LLC; HILTON GRAND VACATIONS MANAGEMENT, LLC; HILTON RESORTS CORPORATION; PARK HOTELS & RESORTS, INC. | § § § § § § § § § | |
| Defendants | § | |

# PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

## I. SUMMARY

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers ..." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. 201 *et seq*.

2. Defendants Hilton Grand Vacations Company, LLC; Hilton Grand Vacations Management, LCC; Hilton Resorts Corporation; Park Hotels & Resorts, Inc. (hereinafter collectively as "Defendants") required and/or permitted Kasprzyk and other similarly situated employees to work in excess of forty (40) hours per week, but failed to compensate them at the applicable overtime rates.

1

3. Defendants deducted wages, straight time, and overtime pay previously earned and paid to Plaintiff and others similarly situated in subsequent weeks from their commissions earned.

4. By failing to compensate Kasprzyk and other similarly situated employees proper minimum wage and overtime wages, Defendants' conduct violates the FLSA,

5. Plaintiff brings a collective action to recover the unpaid wages owed to him and all other similarly situated employees, current and former.

## II. SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

7. Venue is proper in the District of South Carolina because a substantial portion of the events forming the basis of this suit occurred in this district. Venue is also proper in the District of South Carolina because Defendant has its principal place of business in the District of South Carolina.

## III. PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Thomas Kasprzyk is an individual residing in Collier County, Florida. Plaintiff worked for the Defendants in Myrtle Beach, South Carolina. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit A."

9. Plaintiff Steven Hughes is an individual residing in Myrtle Beach, South Carolina in Horry County. Plaintiff worked for the Defendants in Myrtle Beach, South Carolina. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit B"

10. Plaintiff Sherry Singleton is an individual residing in Myrtle Beach South Carolina in Horry County. Plaintiff worked for the Defendants in Myrtle Beach, South Carolina. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit C"

11. Plaintiff Eric Wilson is an individual residing in Murrells Inlet, South Carolina in South Carolina, Georgetown County. Plaintiff worked for the Defendants in Myrtle Beach, South Carolina. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit D"

12. Defendant Hilton Grand Vacations Company, LLC; is incorporated in the State of Delaware and doing business in the state of South Carolina for the purpose of accumulating monetary profit. The Defendant may be served with process by serving its registered agent Corporation Service Company located at 1703 Laurel Street, Colombia, South Carolina 29201 or at any other place it may be found.

13. Defendant Hilton Grand Vacations Management, LLC; is incorporated in the State of Nevada and doing business in the State of South Carolina for the purpose of accumulating monetary profit. The Defendant may be served with process by serving its registered agent The Prentice-Hall Corporation System, Inc. at 1703 Laurel Street, Columbia, South Carolina 29201 or at any other place it may be found.

14. Defendant Hilton Resorts Corporation is incorporated in the State of Delaware and doing business in the State of South Carolina for the purpose of accumulating monetary profit. The Defendant may be served with process by serving its registered agent Prentice Hall Corporation System Inc. at 1703 Laurel Street, Columbia, South Carolina 29201 or at any other place it may be found.

15. Defendant Park Hotels & Resorts Inc. is incorporated in the State of Delaware and doing business in the State of South Carolina for the purpose of accumulating monetary profit. The Defendant may be served with process by serving its registered agent US Corp Company at 1703 Laurel Street in Columbia, South Carolina 29201 or at any other place it may be found.

## IV. FLSA COVERAGE

16. At all material times, Defendants have been subject to the requirements of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq*.

17. The FLSA requires non-exempt employees to be paid the federally mandated minimum wage rate for hours worked.

18. The FLSA requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. 29 U.S.C. § 207(a).

19. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

20. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

21. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

22. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

23. At all material times, Plaintiffs were each individual employees who engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206-207.

24. At all material times, the members of the putative class were employees engaged in commerce in performing their job duties for the Defendants.

25. At all material times, Defendants' Sales Executives were not subject to the FLSA's outside sales exemption. 29 C.F.R. § 541.3.

26. At all material times, Defendants did not sell goods and services to the general public.

27. At all material times, Defendants did not provide services for the comfort and convenience of the public in the course of its daily living.

28. At all material times, Defendants were not a retail or service establishment within the meaning of 29 U.S.C. § 207(i)[1].

## V.   FACTUAL ALLEGATIONS

29. Defendants operate Anderson Ocean Club and Spa located at 2600 N. Ocean Blvd, Myrtle Beach, SC 29577, and Ocean 22 located at 2200 North Ocean Blvd., Myrtle Beach, SC 29577.

30. Defendants employ Sales Executives to give tours of timeshare properties and to sell interests in timeshare properties.

31. Plaintiff Kasprzyk has been employed as a Sales Executive from approximately on or about January 2013 to on or about June of 2015.

32. Plaintiff Hughes has been employed as a Sales Executive from approximately on or about February or March of 2013 through the present.

33. Plaintiff Singleton has been employed as a Sales Executive from approximately on or about July 17, 2015 through the present.

34. Plaintiff Wilson has been employed as a Sales Executive from approximately on or about May 1, 2011 until on or about June 30, 2016. (Plaintiff later worked as a quality assurance representative from on or about July 2016- September 1, 2016).

35. Plaintiffs' job duties included giving tours of timeshare properties in order to sell interests in timeshare properties and following up with buyers.

---

1. *Davidson v. Orange Lake Country Club, Inc.*, 2008 WL 254136, at *5-6 (M.D.Fla. 2008) (upheld on motion for reconsideration, 2008 WL 596120, at *4); *Williams v. Trendwest Resorts, Inc.*, 2007 WL 2429149 at *7-8 (D.Nev. 2007).

36. Tours given by Sales Executives typically took anywhere from 2 to 5 hours.

37. After a tour, the Sales Executives had to put away equipment and often give a briefing to their supervisor regarding the status of the sale.

38. Defendants paid its Sales Executives an hourly rate, and not on a salary basis.

39. Defendants paid Sales Executives a commission for completed sales.

40. Defendants deducted wages, straight time, and overtime pay previously earned and paid to Plaintiff and others similarly situated in subsequent weeks from their commissions earned.

41. Defendants' Sales Executives did not make sales at the customer's place of business or residence.

42. Plaintiffs often worked in excess of forty (40) hours in one workweek.

43. Defendants failed to pay its Sales Executives for hours worked in excess of forty (40) hours in one week at one and a half (1.5) times their regular rate.

44. Defendants have not made a good faith effort to comply with the FLSA. Rather, the Defendants knowingly, willingly, and/or with reckless disregard carried out its illegal pattern or practice regarding minimum wages and overtime compensation.

## VI. FLSA OVERTIME AND RECORDKEEPING VIOLATIONS

45. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

46. Plaintiffs and other similarly situated employees routinely worked more than forty (40) hours per week for Defendants.

47. Defendants required its Sales Executives to work more hours than recorded by directing Sales Executives to clock out and continue working.

48. However, Defendants paid its Sales Executives only for the hours that were recorded on by the clock in/out system.

49. The Defendants did not pay for the additional, unrecorded hours that it required the Sales Executives to work before the Sales Executives clocked in and after the Sales Executives clocked out.

50. Thus, Defendants did not pay its Sales Executives for their hours of work in excess of forty (40) per week at one and a half (1.5) times their regular rate, as required by the FLSA.

51. Additionally, Defendants failed to keep complete and accurate records of the hours worked by Sales Executives in violation of the FLSA. 29 C.F.R. § 516.

52. The Sales Executives were and are non-exempt employees.

53. Defendants had knowledge that it's method of paying Sales Executives was in violation of the FLSA because the hours worked by each Sales Executives were and are carefully tracked by management.

54. The Director of Sales would communicate to the floor manager that a particular Sales Executive was approaching the limit of forty (40) hours for the week and then the floor manager would communicate the same to the manager of the team to which the Sales Executive was assigned. The team manager would then approach the Sales Executive and ask that the Sales Executive clock out.

55. Sales Executives were often asked by a member of management to clock out right before taking a tour or while contacting clients via telephone or mail, but the Sales Executive was expected to and did continue working off the clock.

56. Tours given by Sales Executives typically took anywhere from 2 to 5 hours.

57. After a tour, the Sales Executives had to put away equipment and often give a briefing to their supervisor regarding the status of the sale.

58. Defendants discouraged, limited and prohibited Plaintiff and all other similarly situated Sales Executives from reporting their overtime hours worked, i.e. hours worked over forty (40) hours in a workweek.

59. Thus, Defendants had knowledge that it's method of paying Sales Executives was in violation of the FLSA and not based on a good faith and reasonable belief that its conduct was in compliance with the FLSA.

60. Accordingly, the Plaintiffs and the members of the putative class are entitled to compensation for their overtime worked in an amount equal to one and one-half (1.5) times their regular rates of pay for each hour worked over forty (40) in each workweek.

61. Moreover, Defendants conduct has been both willful and in bad faith and especially designed to avoid its legal obligations pursuant to the FLSA. Plaintiff and all other similarly situated Sales Executives are entitled to liquidated damages for such conduct pursuant to the FLSA. Defendants' practice is in deliberate violation of FLSA requirements.

### VII. FLSA MINIMUM WAGE VIOLATIONS

62. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

63. The FLSA requires that covered employees be compensated at least the minimum wage for every hour worked in a workweek. 29 U.S.C. § 206(a)-(b).

64. Defendants are a covered employer required to comply with the FLSA's mandates.

65. Plaintiffs and others similarly situated are/were covered employees, i.e. non-exempt employees, entitled to the FLSA's protections.

66. Plaintiffs and others similarly situated were paid an hourly rate.

67. Plaintiffs and others similarly situated received a commission for each timeshare sold.

68. However, when a Sales Executive received a commission for a timeshare sold, Defendants then deducted wages previously paid to the Sales Executive in previous weeks.

69. Defendants thus purported to compensate Plaintiffs and other similarly situated employees on a non-exempt hourly wage for forty (40) hours of work per workweek, but in fact deducted the wages paid for forty (40) hours of work weekly from future monthly commissions, treating the purported wages as a "draw."

70. Moreover, upon reasonable belief, Defendants deducted from Plaintiffs and other similarly situated employees commission earnings, all of the previously paid wages, including "straight time" and "overtime" paid to the Sales Executives in prior pay checks.

71. In the pay periods in which the Sales Executives did not receive a commission, dividing the amount paid to the Sales Executives by the real total hours of work results in an effective rate below the prevailing minimum wage.

72. By regularly deducting the wages, straight time, and overtime pay previously earned and paid to Plaintiffs and others similarly situated in subsequent weeks from their commissions earned, Defendants thereby evaded the requirements of the FLSA. 29 U.S.C. § 206.

73. Defendants have not made a good faith effort to comply with the FLSA. Rather, the Defendants knowingly, willingly, and/or with reckless disregard carried out its illegal pattern or practice regarding minimum wages.

## V. COLLECTIVE ACTION ALLEGATIONS

74. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

75. Plaintiffs files this case as an "opt-in" class action as specifically allowed by 29 U.S.C. **§** 216(b).

76. Timeshare sales agents have been certified in collective actions before[2].

77. Plaintiffs have actual knowledge that members of the putative class have also been denied overtime pay for hours worked over forty (40) hours per workweek and have been denied pay at the federally mandated minimum wage rate.

78. Plaintiffs worked with other Sales Executives, or employees similarly situated. These employees have reported that they were subject to the same illegal pay practice described above, and some have expressed an interest in joining this lawsuit.

79. Members of the putative class regularly work or have worked in excess of forty (40) hours during a workweek.

80. Members of the putative class are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

81. As such, the members of the putative class are similar to the Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

82. The experiences of the named Plaintiffs are typical of the experience of other Sales Executives employed by Defendant.

83. Plaintiffs will fairly and adequately protect the interests of the members of the putative class because Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving class actions and employee wage disputes.

84. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the members of the putative class.

---

2. *Gonzales v. Go Relax Travel*, LLC, 2009 WL 3817119, at *3-5 (M.D.Fla. 2009); *Williams v. Trendwest Resorts, Inc*., 2007 WL 2429149 at *1 (D.Nev. 2007).

85. The specific job titles or precise job responsibilities of each member of the putative class does not prevent collective treatment.

86. All members of the putative class, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

87. All members of the putative class, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

88. The claims of all members of the putative class arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the members of the putative class.

89. Although the issue of damages may be individual in character, the facts related to liability are common to Sales Executives employed by the Defendants.

90. Plaintiffs and members of the putative class seek an amount of back pay equal to the minimum wage and overtime compensation which has been unlawfully withheld in a period beginning three years prior to the filing of this lawsuit and continuing until the date of trial.

91. As such, the putative class members the Plaintiffs seek to represent may be described as follows:

    "All current and former timeshare sales representatives of Hilton, ("Sales Executive") or equivalent titles, who sold timeshares and may not have been paid the requisite minimum wage or overtime wages under the FLSA."

92. Plaintiffs seek to represent only those members of the above-described group who, after appropriate notice of their ability to opt-in to this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

93. Those persons who choose to opt in collectively referred to as "Members of the Putative Class" will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated here by reference.

94. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

95. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendants failed to pay Plaintiffs and the members of the putative class minimum wage and overtime for all hours worked by: (1) unlawfully requiring significant off-the-clock work; and (2) deducting wages previously paid to employees in subsequent weeks, thereby evading the requirements of the FLSA.

## XI.     JURY DEMAND

96.     The Plaintiffs hereby demand a jury trial.

## XII.     PRAYER

97. WHEREFORE, the Plaintiffs requests that this Court award them and Members of the Putative Class judgment against Defendants for the following relief:

a. A declaration that Defendants have violated the Fair Labor Standards Act, by failing to pay Plaintiffs and all other similarly-situated employees' minimum wage and overtime pay at one and one half (1.5) times their regular rate for all hours in excess of forty (40) worked during each seven-day work period;

b. Damages for the full amount of their unpaid minimum wage and overtime compensation;

c. An equal amount as liquidated damages;

d. Reasonable attorneys' fees, costs, and expenses of this action;

e. Such other and further relief as may be allowed by law.

Respectfully submitted,

**Law Office of William J. Luse**

/S/William J. Luse_____
William J. Luse, Esquire
Federal I.D: 9736
917 Broadway Street
Myrtle Beach, SC 29577
Telephone: 843-839-4795
Facsimile: 843-839-4815
lusewilliam@yahoo.com

/S/Trang Q. Tran_____
Trang Q. Tran (Pro Hac Vice)
Federal I.D: 20361
Texas Bar No. 00795787
2537 South Gessner Road, Suite 104
Houston, Texas 77063
Tel: (713) 223 – 8855
Fax: (713) 623 – 6399
ttran@tranlawllp.com

**ATTORNEYS FOR PLAINTIFFS**