IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| STEVEN HUGHES, SHERRY SINGLETON, ERIC WILSON, HENRY PERFILIO, WILLIAM NEVILLE, EDWARD BELAIR, MICHAEL WARE, JOHN MAYNARD, J.W. NAVE, RONALD L. HOWE, and CHRISTOPHER R. DOBIS, Individually and on behalf of other employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HILTON GRAND VACATIONS COMPANY, LLC; HILTON GRAND VACATIONS MANAGEMENT, LLC; and HILTON RESORTS CORPORATION,<br><br>Defendants. | Civil Action No. 4:17-cv-01393-RBH |

## **ORDER OF FINAL APPROVAL OF SETTLEMENT**

This matter comes before the Court on the Parties' Joint Motion for Final Approval of Settlement. Upon due consideration, the Court **GRANTS** the Parties' Motion.

### I.     PROCEDURAL BACKGROUND

On July 10, 2018, the Parties filed a Settlement Agreement and a Joint Motion for Preliminary Approval of Settlement, Certification of FLSA Collective Action for Settlement Purposes Only, and Approval of Proposed Notice of Settlement. (ECF Nos. 52, 52-2.) On July 18, 2018, the Court held a hearing regarding the settlement. (ECF No. 54.) At the direction of the Court, the Parties filed a Supplemental Memorandum regarding the settlement and modified the Notice to putative Class Members by providing additional content. (ECF No. 55.) Thereafter, on July 23, 2018, the Court granted the Parties' Motion and (1) "preliminarily

approve[d] the settlement set forth in the Parties' Settlement Agreement as being a fair, reasonable, and adequate resolution of a bona fide dispute," (2) "approve[d], as to form and content, the Parties' proposed Notice of Class Action Settlement ('Notice') and the Consent to Join Lawsuit and Claim Form" and found that the proposed "distribution procedures for the Notice are reasonable under the circumstances, and constitutes sufficient notice to all persons in the Class," (3) conditionally certified the proposed collective action under 29 U.S.C. § 216(b) solely for settlement purposes and defined the Settlement Class as "the Named Plaintiffs and all sales executives who have worked at Hilton Grand Vacation's Myrtle Beach resort during the Class Period," (4) appointed the Tran Law Firm, LLP and the Law Office of William J. Luse as Class Counsel for settlement purposes, (5) directed the claim administrator to mail the Notice and Claim Forms, consistent with the agreed-upon procedures and deadlines from the Settlement Agreement, and (6) directed the Parties to file their Motion for Final Approval within eighty (80) days after the first mailing of the Notice and Claim Forms. (ECF No. 56.)

Court-approved Notice of the settlement has now been provided by direct mailing to the Settlement Class, and the Parties have complied with all deadlines to date as established in the Preliminary Approval Order. No class member has objected to the terms of the settlement. The Parties now move for final approval of the settlement.

**II.     FINDINGS AND CONCLUSIONS**

Having heard the oral arguments of the Parties and reviewed all materials submitted, and based on all of the files, records, and proceedings herein, the Court FINDS and CONCLUDES that:

1.     This Court has personal jurisdiction over Plaintiffs, Defendants, and the Class Members, and subject matter jurisdiction over the action.

2.     The provisions of the Preliminary Approval Order concerning collective action certification are confirmed in all respects for the purpose of implementing the terms provided for in the Settlement Agreement.

3.     The Parties have filed a declaration of compliance by the approved Claims Administrator (ECF No. 57-2) certifying that the Notice and Claim Forms were mailed to the settlement class in the manner required by the Preliminary Approval Order.

4.     The form, content, and procedures of the Notice that was distributed to the Class Members are reasonable notice under the circumstances, and constituted sufficient notice to all Class Members.

5.     The terms of settlement set forth in the Parties' Settlement Agreement represent a fair, reasonable, and adequate resolution of a *bona fide* dispute.

6.     The Named Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Class Members in connection with the settlement.

7.     As stated more fully in the Settlement Agreement, Defendants agreed to pay up to $330,000.00 (the Gross Settlement Fund), inclusive of the Class Counsel's fees and expenses, Enhancement Awards to the Named Plaintiffs, and the fees and expenses of the Claims Administrator.  The Court finds that the attorneys' fees and expenses requested by Class Counsel are reasonable and approves an award of $87,363.00 in attorneys' fees and expenses to Class Counsel, which is to be deducted from the Gross Settlement Fund.  The Court finds that the Enhancement Awards sought by the Named Plaintiffs are reasonable and approves Enhancement Awards of $500.00 to each of the thirteen Named Plaintiffs (totaling $6,500), which is to be deducted from the Gross Settlement Fund.  The Court has reviewed the claimed fees and

expenses of Claims Administrator, as reflected in the Declaration of Kelly Kratz. The Court approves an award of $9,952.00 for administrative fees and expenses, which is to be deducted from the Gross Settlement Fund. The remaining balance of $226,185.00, which is defined as the Net Settlement Fund in the Settlement Agreement, is available to Class Members who have timely submitted Claim Forms during the claims process set forth in the Settlement Agreement and approved in the Court's Preliminary Approval Order. The Court finds that the Net Settlement Fund represents a reasonable amount to resolve the disputed claims of the Settlement Class.

8. There are 90 Class Members who timely submitted valid Claim Forms. In addition, three Class Members submitted Claim Forms shortly after the established deadline, and the Parties have agreed to deem those Claim Forms as timely. Further, five of the Named Plaintiffs previously filed consent forms with the Court (ECF Nos. 1-1, 1-3; 18-9, 18-13, 38-3) and previously signed the Settlement Agreement (ECF No. 52-2) and are part of the settlement class. The Court adopts and approves the list that has been filed by the Parties identifying the 98 Class Members who will participate in the settlement. (*See* Exhibit B to the Parties' Joint Motion for Final Approval.) Each of these 98 Class Members has consented to be a party plaintiff in this case pursuant to 29 U.S.C. § 216(b).

9. No Class Member objected to the terms of the Settlement Agreement.

10. Defendants, Plaintiffs, and all 98 Class Members who will participate in the settlement are bound by the terms of the Settlement Agreement.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The provisions of the Settlement Agreement, including definitions of the terms used therein, are hereby incorporated by reference.

2. Because the settlement set forth in the Parties' Settlement Agreement is a fair, reasonable, and adequate resolution of a *bona fide* dispute, it shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

3. The Court approves Class Counsel's attorneys' fees and expenses, the Enhancement Awards to Named Plaintiffs, and the Claim Administrator's fees and expenses, which shall be paid as provided in the Settlement Agreement.

4. Pursuant to the Settlement Agreement, the Parties shall calculate the *pro rata* Available Settlement Share of the Net Settlement Fund for all of the Class Members. The Parties, with the assistance of the Claims Administrator, shall distribute the applicable *pro rata* Available Settlement Share to each of the 98 Class Members who will participate in the settlement, as set forth on the list provided by the Parties. As provided in the Settlement Agreement, one-half of the settlement funds paid to each such Class Member shall be allocated to wage claims and the one-half of the settlement funds paid to each such Class Member shall be allocated to non-wage claims. The wage portion shall be subject to deductions as required by law. All employer-paid and due taxes on the wage portions of the settlement shall be paid by Defendants and shall not be paid out of or deducted from the Net Settlement Fund in the calculation of pro rata shares.

5. The payment and delivery of settlement payments shall be made as provided for and required by the Settlement Agreement. These payments will be distributed within 60 days of the entry of this Order of Final Approval.

6. As provided in the Settlement Agreement, the unclaimed portion of the Net Settlement Fund allocable to the pro rata shares for Class Members who did not properly and timely execute and submit Claim Forms, or who fail to complete the claims process by signing

the release language on the back of the settlement check, remains the sole property of Defendants. The Named Plaintiffs, Class Counsel, and the Class Members shall have no right to or interest in any unclaimed portion of the Net Settlement Fund.

7. The Clerk shall enter final judgment dismissing this action on the merits with prejudice and without costs or attorneys' fees to any party, other than the fees and costs awarded to Class Counsel by the Court as part of the Settlement Agreement. The claims that are thereby dismissed shall include all claims encompassed by the releases set out in the Settlement Agreement.

8. Upon entry of final judgment, the 98 Class Members who are participating in the settlement (*see* Exhibit B to the Parties' Joint Motion for Final Approval) have conclusively released all claims as described in the Settlement Agreement. Those individuals shall be barred and permanently enjoined from commencing, prosecuting or continuing to prosecute, either directly or indirectly, in this or any other jurisdiction or forum, any of the claims that are released by the Settlement Agreement or barred by the entry of the judgment in this action.

9. Neither the fact of the settlement, nor this Order finally approving the settlement, nor the final judgment is an admission or concession by the Defendants of any liability or wrongdoing. The final judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this action.

10. The dismissal of this case shall be without prejudice to the rights of the Parties to enforce the terms of the Settlement Agreement. Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in any way, the Court retains jurisdiction over this matter solely for purposes of resolving any disputes which may arise

under the Settlement Agreement.

11. The Parties' Joint Motion for Final Approval of Settlement, is **GRANTED** and this Action is **DISMISSED WITH PREJUDICE**.

November 19, 2018                                                     s/ R. Bryan Harwell
Florence, South Carolina                                          R. Bryan Harwell
                                                                              United States District Judge